IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DERALD WILFORD GEDDES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **ORDER AND MEMORANDUM DECISION DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**<br><br>Civil Case No. 1:23-cv-91-TC<br>Criminal Case No. 1:15-cr-93-TC<br><br>Judge Tena Campbell |

Petitioner Derald Wilford Geddes filed a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on August 8, 2023. (ECF No. 1.) Mr. Geddes asserts that he was wrongfully convicted by a jury of one count of tax obstruction in violation of 26 U.S.C. § 7212(a), one count of tax evasion in violation of 26 U.S.C. § 7201, and three counts of willfully filing false tax returns in violation of 26 U.S.C. § 7206(1). On June 3, 2022, the court sentenced Mr. Geddes to 60 months in the custody of the Bureau of Prisons (BOP). (See Judgment, ECF No. 183 in Case No. 1:15-cr-93.) According to the BOP, Mr. Geddes was

released from custody—having received prior custody credit for his pretrial detention—on November 20, 2023.[1]

The district court may deny a § 2255 motion without holding a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief …." 28 U.S.C. § 2255(b); see also Rule 4(b) of the Rules Governing Section 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."). For the following reasons, the court finds that Mr. Geddes is not entitled to relief.

Mr. Geddes asserts 41 separate violations of his rights. His most detailed complaint is that he was denied effective assistance of counsel. But Mr. Geddes chose to represent himself in this matter and "a defendant who exercises his right to appear pro se cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel." United States v. Baker, 84 F.3d 1263, 1267 (10th Cir. 1996) (quoting McKaskle v. Wiggins, 465 U.S. 168, 177 n.8 (1984)). Although Mr. Geddes asserts that standby counsel sabotaged his

---

[1] The court also sentenced Mr. Geddes to a term of supervised release of 36 months. (ECF No. 183 at 4.) Because Mr. Geddes remains on supervised release, his Section 2255 petition is not moot. See United States v. Lopez-Ochoa, Nos. 02-3177-SAC & 99-40057-01-SAC, 2003 WL 21938966, at *1 (D. Kan. July 29, 2003) ("After a defendant has been released from prison, that defendant is considered to be 'in custody,' within the meaning of section 2255, if the defendant is under some form of restraint such as that of a term of parole or supervised release." (citing Jones v. Cunningham, 371 U.S. 236, 241–43 (1963)).

defense, his complaint amounts to a generalized grievance that his standby counsel either provided too little or too much input. The court finds no merit to these complaints.

Mr. Geddes also maintains that the court-ordered restitution amounts were not conclusive. But these questions have already been addressed in a separate appeal of his conviction and sentence, in which the Tenth Circuit reversed this court's imposition of certain conditions of supervised release and held that restitution could only be ordered as a condition of supervised release. See United States v. Geddes, No. 22-4053 (10th Cir. June 23, 2023). The Tenth Circuit affirmed this court's imposition of the mandatory conditions of supervised release. Id. This court then issued an amended judgment complying with the Tenth Circuit's order. (See Am. Judgment, ECF No. 242 in Case No. 1:15-cr-93.)

The remaining 39 grounds on which Mr. Geddes asserts that his rights have been violated are a scattershot assortment of challenges to nearly every aspect of his trial and the legal system, including malicious prosecution, complaints about the grand jury process, prosecutorial misconduct, complaints against the magistrate judges and district judge, allegations of collusion between prosecutors and the IRS, kidnapping and hostage-taking, extortion and racketeering, perjury, receipt of pirated property, enticement into slavery, postal fraud, special maritime crimes, lack of subject-matter jurisdiction, and uncivil treatment. Having carefully read Mr. Geddes's lengthy petition, the court finds that none of these claims are meritorious.

The Rules Governing Section 2255 Proceedings for the United States District Courts instruct the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may be issued "only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden, Mr. Geddes must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." United States v. Gaddis, 12 F. App'x 733, 735 (10th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

For the reasons set forth above, the court finds that Mr. Geddes has not stated any grounds for relief under § 2255 and that reasonable jurists would not find this conclusion debatable or wrong. Accordingly, the court declines to issue a certificate of appealability.

## ORDER

Mr. Geddes's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 1) is DENIED and the court declines to issue a certificate of appealability. The court directs the Clerk of Court to provide Mr. Geddes with a copy of this order and to close the case.

SO ORDERED this 29th day of February, 2024.

BY THE COURT:

_____
Tena Campbell
United States District Judge